IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCIS C. TUCKER,

    Plaintiff,

                                          Civil Action No. 5:08CV105
                                                    (STAMP)

UNITED STATES OF AMERICA,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**THE DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

I.   Facts and Procedural History

The plaintiff in the above-styled civil action, Francis C. Tucker ("Tucker"), filed a complaint in this Court against the United States of America, alleging wrongful disclosure of his tax return information by an employee of the Internal Revenue Service ("IRS") during the course of a criminal investigation of the plaintiff. During that investigation, IRS Special Agent Brad Nickerson ("Nickerson") contacted numerous third parties. The plaintiff believes that during six of these interviews, Nickerson wrongfully disclosed tax return information about the plaintiff.

On October 22, 2008, this Court granted a motion by the United States to stay proceedings pending the outcome of the criminal matters arising out of the IRS investigation that formed the basis for this civil action. The United States then indicated to this Court that the IRS discontinued the investigation of the plaintiff. On August 16, 2010, this Court lifted the stay.

The United States filed a motion for partial summary judgment to which the plaintiff responded[1] and the defendant replied. For the reasons stated below, this Court grants in part and denies in part the United States' motion for partial summary judgment.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for

---

[1] The plaintiff styled his response as a reply (Document No. 64). This memorandum opinion and order will refer to this document as the plaintiff's response.

2

summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party

opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III. Discussion

The plaintiff alleges that the United States of America violated 26 U.S.C. § 7431 when Special Agent Nickerson allegedly disclosed the tax return information of the plaintiff. This statute provides:

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a).

In its motion for partial summary judgment, the United States contends that, after taking the deposition of third-party witnesses, there is no genuine dispute that Special Agent Nickerson did not disclose the plaintiff's return information to Cathy Mae West, Thomas West, Donetta LaRue, and Gary Tucker. The United States argues that it is entitled to judgment on those claims. It also believes that it is entitled to a partial summary judgment that the plaintiff is not entitled to actual damages.

A. Cathy Mae West, Thomas West, and Donetta LaRue

In a deposition, Nickerson states that he did not disclose to Cathy Mae West or Thomas West that he was conducting a criminal investigation of Francis Tucker, that Francis Tucker was going to

4

jail, or that Francis Tucker was evading his income tax. Nickerson also states that he did not disclose to Donetta LaRue that Francis Tucker was being investigated for tax evasion or that Francis Tucker was going to jail.

Cathy Mae West and Thomas West both told the government in depositions that they do not remember Nickerson stating that the IRS was investigating Tucker for tax evasion or that Tucker was going to jail. Cathy Mae West stated in her deposition that she learned about the investigation from her brother, that she assumed Nickerson was looking into tax evasion, and that she assumed that Tucker was going to jail based on the questions Nickerson asked her. LaRue stated in a deposition by the government that Nickerson did not tell LaRue that Tucker was going to jail. She says that she made the assumption that Tucker was going to jail. LaRue stated that she was present during a conversation between Tucker and his mother and that she learned of the investigation. She states that Tucker and his mother spoke about the possibility that Tucker could go to jail.

In his response to the motion for partial summary judgment, Tucker provides sworn statements given by Cathy Mae West, Thomas West, and Donetta LaRue to the plaintiff's investigator, Franklin D. Streets, Jr., prior to the government's depositions. In Cathy Mae West's sworn statement, she states that the IRS agents said that they were investigating Tucker for income tax evasion and that

5

he would go to jail. Thomas West, in his sworn statement, said that the IRS stated that they were building a case against Tucker and that Tucker was going to go to jail. Also in a sworn statement to the plaintiff's investigator, LaRue stated that the agents told her that Tucker was probably going to jail and that he was facing jail time.

In its reply, the United States argues that this Court cannot consider the witness statements because the plaintiff failed to authenticate the documents and because the documents contain hearsay.

This Court will treat the sworn statements to the investigator as the equivalent of affidavits. <u>Curnow v. The Ridgecrest Police</u>, 952 F.2d 321, 324 (9th Cir. 1991); <u>Am. Nat'l Prop. & Cas. Co., v. Campbell Ins., Inc.</u>, 2011 WL 98813, *4 n.4 (M.D. Tenn. Jan. 11, 2011). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions . . . affidavits or declarations." Fed. R. Civ. P. 56(c)(1). The documents cannot be considered depositions as the United States had no opportunity to cross-examine. However, in a case such as this, where "a witness's statements taken in question and answer form, which had neither been subject to cross-examination nor signed, [are] admissible under Rule 56(c)." <u>Curnow</u>, 952 F.2d at 324. The statements are admissible because they are sworn. <u>Id.</u> The testimony in these

statements is at least reliable as an admissible affidavit. Id. The evidence here meets Rule 56's requirements for affidavits: the statements are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the [witness] is competent to testify on the matters stated."[2] Fed. R. Civ. P. 56(c)(4). Because this Court concludes that the sworn witness statements are the equivalent of affidavits, there is no need for additional authentication beyond the plaintiff's counsel's identification of the documents in his response. See Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 542 (D. Md. 2007) ("A party seeking to admit an exhibit need only make a prima facie showing that it is what he or she claims it to be."); see also Stanley Martin Companies, Inc. v. Universal Forest Products Shoffner LLC, 396 F. Supp. 2d 606, 612 (D. Md. 2005) ("The most natural

---

[2]The United States contends that these sworn statements can only be viewed as prior inconsistent statements rather than substantive evidence. This argument is misplaced at this stage. Viewing these statements as affidavits allows this Court to consider them on summary judgment. Fed. R. Civ. P. 56(c). The government directs this Court to Sam's Club v. Nat'l Labor Relations Bd., 173 F.3d 233, 241 (4th Cir. 1999). Sam's Club does not involve the same situation as the present civil action. In that case, the Fourth Circuit stated that an affidavit that was never entered into evidence during an administrative hearing could only be used by the administrative law judge as impeachment evidence. The court found that the ALJ erred "when she used evidence included in the hearing only for impeachment purposes as substantive evidence that an unfair labor practice had occurred." Id. In this case, this Court just looks to the affidavit to see whether it creates a genuine issue of material fact. This Court is not concerned in making a credibility determination as to whether the statements in the affidavits or in the depositions are more credible.

7

interpretation of [Rule 56(c)] is that an affidavit is not the sine qua non for the admission of other forms of evidence, provided that such evidence is otherwise admissible").

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The United States contends that this Court cannot consider the witness statements because the plaintiff offers the statements for the truth of the matter asserted -- that Nickerson did make the statements alleged in the complaint. The United States is correct that the plaintiff is offering Cathy Mae West, Thomas West, and Donetta LaRue's statements for the purpose of showing that Nickerson did make the statements. However, because this Court considers the sworn statements to be affidavits, this Court can consider the testimony provided that the affidavits do not contain hearsay.[3] Fed. R. Civ. P. 56(c).

Here, the statements at issue are that Nickerson said that Francis Tucker was under investigation by the IRS, going to jail, and committing income tax evasion. These statements are admissible as admissions by a party-opponent. See Fed. R. Evid. 801(d)(2)(D)

---

[3]The United States argues that the sworn statements are hearsay. This Court has found that the sworn statements are the equivalent of affidavits. Thus, Rule 56(c) allows this Court to consider the statements made in the affidavit in considering this summary judgment motion, just as this Court considers the statements made in the deposition testimony of the same witnesses provided by the United States.

8

("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship"). In this case, Nickerson, an agent of the IRS, allegedly made these statements in the course of an investigation. Accordingly, this Court finds that the affidavits do not contain hearsay.

Cathy Mae West and Thomas West are unable to remember what statements the IRS agents made according to the deposition. These witnesses stated under oath, however, that the IRS agents disclosed information about the plaintiff. Donetta LaRue states that the IRS agents did not tell her that Tucker was going to jail, but in her sworn statement, LaRue states that the agents did provide her with that information. These are credibility issues for the finder of fact at trial. Accordingly, this Court finds that there is a genuine issue of material fact as to whether Nickerson disclosed the plaintiff's tax information to these three defendants. Therefore, this Court denies the United States' motion for partial summary judgment on these claims.

B. Gary Tucker

The United States contends that Nickerson did not disclose the plaintiff's return information to Gary Tucker. It is undisputed that Nickerson told Gary Tucker, without identifying whom he was referring to, that Gary Tucker "should not go up the river for

9

something someone else did." The United States argues that this statement is a general statement used to elicit cooperation and information from a witness, which does not disclose information. The plaintiff argues that it can be inferred that Nickerson was referring to Francis Tucker and that who Nickerson was referring to in this context is an issue for the fact finder to decide at trial.

This Court agrees with the United States that Nickerson's statement here was not a disclosure of the plaintiff's return information. It is simply a general statement and at no time did Nickerson disclose any information in violation of the statute. Accordingly, this Court grants the United States' motion for partial summary judgment as to this claim.

C. Actual Damages

Finally, the United States believes that the plaintiff is not entitled to actual damages. The United States contends that the plaintiff has no documentary evidence to support his claim.

The statute refers to actual damages. Compensatory damages "is a sufficiently comparable term" to actual damages "that conveys the same meaning." Hofmann v. O'Brien, 367 F. App'x 439, 445 (4th Cir. 2010); see Black's Law Dictionary 445 (9th ed. 2009) (stating that actual damages are also termed "compensatory damages"). The failure of the plaintiff to produce evidence of actual damages does not preclude the award of punitive damages. Mallas v. United States of America, 993 F.2d 1111, 1125 (4th Cir. 1993). "[A]

10

taxpayer may recover punitive damages, even where his actual damages are zero." Id. at 1126.

Because actual damages and compensatory damages are interchangeable terms, this Court finds that it must deny the United States' motion for partial summary judgment as to actual damages.

IV. Conclusion

For the reasons stated above, this Court GRANTS IN PART and DENIES IN PART the United States' motion for partial summary judgment.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     April 12, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE