IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


FRANCIS C. TUCKER,

        Plaintiff,

v.                                          Civil Action No. 5:08CV105
                                                          (STAMP)
UNITED STATES OF AMERICA,

        Defendant.


MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND PLEADINGS TO CONFORM TO THE EVIDENCE

    On April 26, 2011, this Court conducted a one-day non-jury
trial in the above civil action brought by the plaintiff, Francis
C. Tucker ("Tucker"), against defendant, United States of America
("United States"), in which Tucker asserted that the defendant
United States through its Internal Revenue Service ("IRS") agents
made improper return disclosures in various interviews with third
persons being conducted in connection with a grand jury
investigation of Tucker.

    During that trial, plaintiff, for the first time, sought to
introduce evidence concerning the manner in which the IRS agents
introduced themselves to the third parties being interviewed, i.e.
the agents mentioned that a grand jury investigation was being
conducted regarding Tucker.  This Court decided to hear the
testimony and to make a ruling post-trial as to whether the
evidence could be admitted.  For the reasons set forth in this
Court's findings of fact and conclusions of law (ECF No. 100), it

has been determined that the evidence was untimely in that this information was never included in the complaint, there was never any effort to amend the complaint to include this information, the plaintiff never provided this information in any response to discovery requests or in any supplement to these responses, and the matter was never brought up at the pretrial conference nor was it included in the joint pretrial order.

On May 17, 2011, plaintiff Tucker filed, pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, a motion for leave to amend pleadings to conform to the evidence. Tucker also submitted a memorandum in support of that motion. On May 31, 2011, the United States filed its opposition to plaintiff's motion for leave to amend pleadings to conform to the evidence.

First, Tucker claims that this evidence is not "new." Indeed, plaintiff asserts that the term "return information" is expansively defined under 28 U.S.C. § 6103(b)(2)(A). Mallas v. United States, 993 F.2d 1111, 1118-19 (4th Cir. 1993). Plaintiff asserts that the manner in which the agents introduced themselves by disclosing that a taxpayer is under grand jury investigation serves as "return information" and because plaintiff earlier cited Mallas and § 6103 throughout this case in numerous briefs and the joint pretrial order, the United States should have recognized that this evidence was not "new" and that, therefore, this Court should permit this evidence.

Second, plaintiff Tucker also asserts that if it is necessary to amend the pleadings to conform to this evidence, then Rule 15(b)(1) of the Federal Rules of Civil Procedure permits such amendment. Plaintiff Tucker claims that there is no prejudice to the United States because in his complaint, he alleges, in paragraph 6 thereof, that:

> The agent named above has made illegal disclosures by unnecessarily disclosing suggestions of wrongdoing on the part of plaintiff in various third-party contacts, including, but not limited to, the following: . . . .

(emphasis added). Plaintiff states that the language "including but not limited to" should have alerted the United States that additional wrongful disclosures were made by the IRS agents including, supposedly, the manner in which the agents introduced themselves. As noted, this Court at trial did permit the plaintiff to go forward with evidence concerning the manner in which the agents introduced themselves, reserving an opinion to a later date. Plaintiff Tucker, by citing that testimony, points out that both agents admitted at trial that they told the third-party witnesses that they were conducting a grand jury investigation of Tucker.

This Court in its memorandum opinion (ECF No. 100) included findings of fact and conclusions of law in this case and has held that such evidence presented for the first time at trial was untimely and would, therefore, not be admitted. For these reasons and the reasons set forth below, the plaintiff's motion for leave to amend pleadings to conform to the evidence must be denied. In

3

its memorandum, defendant United States contends that when an action is brought to recover damages for alleged violations of 26 U.S.C. § 6103, under 26 U.S.C. § 7431, courts have required that each alleged disclosure be identified so that the United States can appropriately prepare a defense. The United States, therefore, contends that allegations of "including but not limited to" in the complaint are not sufficiently detailed statements of any such claim. The United States then goes on to show that in discovery, Tucker was asked to identify the specific return information and to identify the individual who allegedly disclosed the information, the persons to whom it was disclosed, the manner that it was disclosed and the date it was disclosed, and to also provide a factual basis for the allegations. The response by plaintiff Tucker was merely to refer to paragraph 6 of the complaint indicating that he would supplement his response when such information became available. However, plaintiff did not supplement those responses.

As previously noted by the Court in its ruling not permitting this evidence to be presented at trial, plaintiff Tucker did not make these allegations concerning the manner of introduction in the complaint, did not seek to amend the complaint, did not set forth these allegations in response to discovery, and did not include these matters at any pretrial conference or in the joint pretrial order. Not only is this information untimely, but the inclusion of

this information at this point in the case would be unfairly prejudicial to the United States. As is noted by the United States, there are exceptions to the rules prohibiting improper return disclosures and the United States did not have an opportunity to adequately address those exceptions even though the United States did present some evidence at trial to demonstrate that it had met the requirements of § 6103(k)(6) allowing such disclosures. The United States submits that had it been aware of these allegations prior to trial, it could have conducted additional discovery on this issue in order to present trial testimony defending the assertions of plaintiff Tucker, including the presentation of evidence regarding a good faith defense under 26 U.S.C. § 7431(b)(1). Defendant United States also contends that even if the plaintiff's complaint were amended, such amendment would be futile because plaintiff Tucker could not prevail on the merits.

This Court finds that with the proposed insertion of this evidence for the first time at trial, the United States was insufficiently prepared to properly defend these allegations, even though some evidence was presented by the United States at trial as a defense to the claims. Notwithstanding this fact, this Court finds that the United States would be unfairly prejudiced if an amendment were permitted to include these allegations since the United States was effectively precluded from conducting any

discovery regarding these allegations under the existing scheduling order which provided for discovery prior to trial.

For these reasons, plaintiff Francis C. Tucker's motion to amend the pleadings to conform to the evidence is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 29, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE